# 26-1904

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

KYUNG L. TROTTER,

*Plaintiff-Appellant*,

v.

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND,

SEVEN TIER, LP, JOHN MANGINO, and THOMAS ZAWYRUCHA,

*Defendants- Appellees*.

On Appeal from the United States District Court

for the Eastern District of New York

## APPENDIX-VOLUME 1 of 1

Kyung L. Trotter
Pro Se Appellant
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887

Dated: October 20, 2026

# TABLE OF CONTENTS — APPENDIX

**Notice of Appeal (July 13, 2026)** ........ A-1

**Relevant District Court Docket Entries (Case No. 26-cv-02371)** ........ A-2 – A-5

**Order to Show Cause with TRO and PI (April 21, 2026)** ........ A-6

**Affidavit/Declaration in Support of Order to Show Cause** ........ A-9

**Memorandum in Support of Order to Show Cause** ........ A-12

**Excerpts From Amended Complaint Re: Zawyrucha (April 30, 2026)** ........ A-19

**Notice of Motion for TRO and PI (June 17, 2026)** ........ A-27

**Affidavit in Support of Motion for TRO and PI** ........ A-30

**Memorandum in Support of Motion for TRO and PI** ........ A-37

**Exhibits Attached to Motion for TRO and PI** ........ A-54

## TABLE OF CONTENTS — APPENDIX

**Notice of Appeal (July 13, 2026)** .................................................................. A-1

**Relevant District Court Docket Entries (Case No. 26-cv-02371)** ......... A-2 – A-5

**Proposed Order to Show Cause With TRO and PI (April 21, 2026)**... A-6 – A-8

**Affidavit in Support of Order to Show Cause**..................................... A-9 – A-11

**Memorandum in Support of Order to Show Cause for Temporary Restraining Order and Preliminary Injunction** ................................ A-12 – A-18

**Amended Complaint Excerpts (April 30, 2026)**................................. A-19– A-26

**Notice of Motion for TRO and PI (June 17, 2026)**........................................ A-27

**Affidavit Support for TRO and PI (June 17, 2026)**...................................... A-30

**Memorandum in Support of TRO and PI (June 17, 2026)**........................... A-37

**Exhibits Attached to Memorandum for TRO and PI (June 17, 2026)** ........ A-54

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

Case No.: 26-cv-02371 (SJB) (ARL)

**NOTICE OF APPEAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2026 ★
LONG ISLAND OFFICE

---------------------------------------------------------------------------------------x

PLEASE TAKE NOTICE that Plaintiff Kyung L. Trotter, proceeding pro se, pursuant to 28 U.S.C. § 1292(a)(1), Federal Rules of Appellate Procedure 3 and 4(a)(7)(B), hereby appeals to the United States Court of Appeals for the Second Circuit from the Order entered by the United States District Court for the Eastern District of New York on June 17, 2026, denying Plaintiff's application for a temporary restraining order and preliminary injunction.

RECEIVED
JUL 13 2026
EDNY PRO SE OFFICE

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

REC'D IN PRO SE OFFICE
JUL 13 '26 PM12:40

| Date Filed | # | Docket Text |
|---|---|---|
| 04/21/2026 | 1 | COMPLAINT against Leslie Barry, Community Development Corporation Long Island, Inc., Wilma Hayes, John Mangino, Delores Phraner, Seven Tier, L.P. Was the Disclosure Statement on Civil Cover Sheet completed -NO,, filed by Kyung L. Trotter. (Attachments: # 1 Civil Cover Sheet) (KS) (Entered: 04/22/2026) |
| 04/21/2026 | 2 | Proposed Order to Show Cause with Temporary Restraining Order and Preliminary Injunction by Kyung L. Trotter (KS) (Entered: 04/22/2026) |
| 04/22/2026 | 3 | Letter from Pro Se Office to pro se plaintiff Kyung L. Trotter acknowledging receipt of civil action. (LF) (Entered: 04/22/2026) |
| 04/22/2026 | | ORDER: Pro se Plaintiff Kyung L. Trotter's motion for a temporary restraining order and preliminary injunction 2 is denied. To obtain a preliminary injunction, a party must clearly show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024) (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)); *see also Best v. Craivan*, No. 22-CV-4882, 2025 WL 2822301, at *1 (E.D.N.Y. Oct. 5, 2025) ("The standard for granting a TRO is the same as the standard governing preliminary injunctions.").<br><br>Trotter seeks an order enjoining Defendants from carrying out any eviction or removal of Trotter from a residence and staying ongoing state court eviction proceedings. (Proposed O.S.C., Dkt. No. 2 at 1-2). Trotter's landlord is currently pursuing eviction proceedings in state court, and Trotter has filed a motion to dismiss in that court that has been pending since April 2, 2026. (Aff. in Supp. of O.S.C., Dkt. No. 2 ¶¶ 4-6). Because Trotter seeks injunctive relief against ongoing state court eviction proceedings, the request is likely barred by *Younger v. Harris*, 401 U.S. 37 (1971) and the Anti-Injunction Act, and thus Trotter has not demonstrated either a likelihood of success on the merits or sufficiently serious questions on the merits. *See Umeze v. Johnson*, No. 25-CV-5610, 2025 WL 2644628, at *1 (S.D.N.Y. Sep. 15, 2025) (denying preliminary injunction because plaintiff's request for federal court intervention in a state court eviction proceeding was likely barred by *Younger*); *e.g.*, *Robinson v. N.Y.C. Hous. Auth.*, 115 F. App'x 107, 108 (2d Cir. 2004) (affirming dismissal of claim for injunctive relief against eviction under *Younger*); *Ochei v. Lapes*, No. 19-CV-3700, 2020 WL 528705, at *3-*4 (S.D.N.Y. Jan. 31, 2020) (holding that the Anti-Injunction Act and *Younger* bar a federal court from enjoining state court eviction proceedings); *Virtue v. HB1 Alternative Holdings, LLC*, No. 25-CV-6345, 2026 WL 851377, at *3 (S.D.N.Y. Mar. 27, 2026) (explaining the same). So Ordered by Judge Sanket J. Bulsara on 4/22/2026. (RB) (Entered: 04/22/2026) |
| 04/22/2026 | 4 | FILING FEE: $ 405.00, receipt number 200006810 (KS) (Entered: 04/22/2026) |
| 04/22/2026 | 5 | Summons Issued as to Leslie Barry, Community Development Corporation Long Island, Inc., Wilma Hayes, John Mangino, Delores Phraner, Seven Tier, L.P.. (KS) (Entered: 04/22/2026) |
| 04/22/2026 | 6 | Pro Se Consent to Electronic Notification by Kyung L. Trotter (KS) (Entered: 04/22/2026) |
| 04/22/2026 | 7 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to |

| | | |
|---|---|---|
| | | this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf (KS) (Entered: 04/22/2026) |
| 04/24/2026 | 8 | Emergency MOTION for Reconsideration by Kyung L. Trotter. (NF) (Entered: 04/24/2026) |
| 04/30/2026 | 9 | Letter from Pro Se Office to pro se plaintiff Kyung L. Trotter acknowledging receipt of civil action. (LF) (Entered: 04/30/2026) |
| 04/30/2026 | 10 | MOTION to Withdraw 8 Emergency MOTION for Reconsideration , 2 Unsigned Order to Show Cause by Kyung L. Trotter. (NF) (Entered: 04/30/2026) |
| 04/30/2026 | 11 | AMENDED COMPLAINT *FIRST* against Leslie Barry, Community Development Corporation of Long Island, Inc., Wilma Hayes, John Mangino, Delores Phraner, Seven Tier, L.P., Thomas Zawyrucha, filed by Kyung L. Trotter. (NF) (Entered: 05/01/2026) |
| 04/30/2026 | 12 | Summons Issued as to Thomas Zawyrucha. (NF) (Entered: 05/01/2026) |
| 04/30/2026 | 13 | Summons Reissued as to Leslie Barry, Community Development Corporation of Long Island, Inc., Wilma Hayes, John Mangino, Delores Phraner, Seven Tier, L.P.. (NF) (Entered: 05/01/2026) |
| 05/01/2026 | | ORDER: The motion to withdraw 10 is granted. Plaintiff Trotter's motion for reconsideration, 8 , is deemed withdrawn. So Ordered by Judge Sanket J. Bulsara on 5/1/2026. (RB) (Entered: 05/01/2026) |
| 05/18/2026 | 14 | NOTICE of Appearance by Anthony Filosa on behalf of Seven Tier, L.P. (aty to be noticed) (Filosa, Anthony) (Entered: 05/18/2026) |
| 05/19/2026 | 15 | SUMMONS Returned Executed by Kyung L. Trotter. Thomas Zawyrucha served on 5/6/2026, answer due 5/27/2026. (NF) (Entered: 05/20/2026) |
| 05/19/2026 | 16 | SUMMONS Returned Executed by Kyung L. Trotter. Seven Tier, L.P. served on 5/6/2026, answer due 5/27/2026. (NF) (Entered: 05/20/2026) |
| 05/19/2026 | 17 | SUMMONS Returned Executed by Kyung L. Trotter. John Mangino served on 5/9/2026, answer due 6/1/2026. (NF) (Entered: 05/20/2026) |
| 05/20/2026 | 18 | Verified ANSWER to 11 Amended Complaint by Thomas Zawyrucha. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (NF) (Entered: 05/21/2026) |
| 05/20/2026 | 19 | AFFIDAVIT of Service for 18 Verified ANSWER. served on Kyung L. Trotter; Seven Tier, L.P.; Community Development Corporation of Long Island, Inc Attn: Leslie Barry, Delores Phraner, Wilma Hayes; on 5/20/2026, filed by Thomas Zawyrucha. (NF) (Entered: 05/21/2026) |
| 05/27/2026 | 20 | Letter MOTION for pre motion conference *on proposed pre-answer motion to dismiss* by Seven Tier, L.P.. (Filosa, Anthony) (Entered: 05/27/2026) |
| 05/29/2026 | | ORDER: Defendant Seven Tier is reminded to follow Judge Bulsara's Individual Practices regarding Rule 12 motions. *See* Individual Practices § VI(I). Premotion letters are subject to word limits, *see id.* § VI(I)(1), and must contain a certificate of compliance with those limits, as required by Local Civil Rule 7.1(c). *Id.* The certificate "must state the number of words in the document." Local Civil Rule 7.1(c). Seven Tier is directed to file the certificate by **6/05/2026** indicating that its letter-motion 20 complies with Judge Bulsara's |

| | | |
|---|---|---|
| | | Individual Practices and Local Civil Rule 7.1. So Ordered by Judge Sanket J. Bulsara on 5/29/2026. (RB) (Entered: 05/29/2026) |
| 05/29/2026 | 21 | MOTION for pre motion conference re 20 Letter MOTION for pre motion conference *on proposed pre-answer motion to dismiss word count certification for previously filed letter motion* by Seven Tier, L.P.. (Filosa, Anthony) (Entered: 05/29/2026) |
| 06/03/2026 | 22 | RESPONSE in Opposition re 20 Letter MOTION for pre motion conference *on proposed pre-answer motion to dismiss* filed by Kyung L. Trotter. (NF) (Entered: 06/04/2026) |
| 06/03/2026 | 23 | LETTER Application Concerning Defective Service of Defendant Seven Tier, Lp's Pre-Motion Letter and Failure to Include Required Word-Count Certification by Kyung L. Trotter (NF) (Entered: 06/04/2026) |
| 06/05/2026 | 24 | CERTIFICATE OF SERVICE by Kyung L. Trotter re 23 LETTER, 22 Response in Opposition to Motion (NF) (Entered: 06/05/2026) |
| 06/05/2026 | 25 | Request for Certificate of Default by Kyung L. Trotter (NF) (Entered: 06/05/2026) |
| 06/08/2026 | 26 | Clerk's ENTRY OF DEFAULT: It appearing from the docket maintained in this action that defendant John Mangino has failed to appear or otherwise defend this action, the default of defendant John Mangino is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (JC) (Entered: 06/08/2026) |
| 06/10/2026 | | ORDER: Due to the presence of litigating defendants, and the need to avoid inconsistent judgments, Plaintiff is directed to complete prosecution of the case against Defendants Seven Tier, L.P. and Thomas Zawyrucha prior to moving for default judgment against Defendant John Mangino. *See Moore v. Booth*, 122 F.4th 61, 70 (2d Cir. 2024) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). Any subsequent motion for default judgment should be filed no later than 60 days following the conclusion of litigation against any appearing defendant. Such a motion must comply with Judge Bulsara's Individual Practices and the Local Civil Rules. Ordered by Judge Sanket J. Bulsara on 6/10/2026. (RB) (Entered: 06/10/2026) |
| 06/10/2026 | 27 | RESPONSE TO ORDER TO SHOW CAUSE by Seven Tier, L.P. (Attachments: # 1 Certificate of Service) (Filosa, Anthony) (Entered: 06/10/2026) |
| 06/17/2026 | 28 | Notice of MOTION for Leave to File Document *Motion for Default Judgment* by Kyung L. Trotter. (NF) (Entered: 06/17/2026) |
| 06/17/2026 | 29 | Notice of MOTION for Temporary Restraining Order *and Preliminary Injunction* by Kyung L. Trotter. (NF) (Entered: 06/17/2026) |
| 06/17/2026 | 30 | CERTIFICATE OF SERVICE by Kyung L. Trotter re 28 Notice of MOTION for Leave to File Document *Motion for Default Judgment*, 29 Notice of MOTION for Temporary Restraining Order *and Preliminary Injunction* (NF) (Entered: 06/17/2026) |
| 06/17/2026 | | ORDER: Pro se Plaintiff Trotter's renewed application for a TRO and preliminary injunction 29 , which largely seeks to relitigate issues already decided in her initial application, is denied. The Court denied Trotter's first TRO request because she sought an order enjoining ongoing state court eviction proceedings against her, relief barred by *Younger v. Harris*, 401 U.S. 37 (1971) and the Anti-Injunction Act ("AIA"). (Order dated Apr. 22, 2026). Though some circumstances are slightly changed—trial in the state court proceeding is now imminent, rather than weeks away, and her motion to dismiss has now been denied—the underlying prudential and jurisdictional barriers to the injunctive relief remain the same, and Trotter has not established that any exceptions to those doctrines apply to her case. (*See id.*); *e.g.*, *Smith v. Rocket Mortg. LLC*, No. 25-CV-6468, 2025 WL 3300146, at *3 (W.D.N.Y. Sep. 11, 2025) ("Under the Anti-Injunction Act and *Younger* abstention, the Court finds that it lacks subject matter jurisdiction over Plaintiff's motion |

| | | |
|---|---|---|
| | | for a TRO [against foreclosure proceedings]. Plaintiff may elect to pursue the relief he seeks in state court to the extent it is available, but this Court does not have jurisdiction to adjudicate Plaintiff's requests for injunctive relief[.]"); *Keir v. Schoeberl*, No. 25-CV-0056, 2025 WL 437953, at *2-*3 (N.D.N.Y. Feb. 7, 2025) (finding that *Younger* and the AIA barred preliminary injunctive relief against foreclosure despite plaintiff's underlying Section 1983 claim), *reconsideration denied*, 2025 WL 520764 (Feb. 18, 2025); *Billie v. Aurigremma*, No. 13-CV-1432, 2014 WL 1117860, at *1-*2 (D. Conn. Mar. 19, 2014) (explaining that AIA exceptions did not permit injunction against eviction despite Section 1983 claims, and that such intervention was also barred by *Younger*); *see also Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 322-23 (E.D.N.Y. 2012) (explaining that state courts are authorized to consider any defenses, even in a summary eviction proceeding). Thus, the reasoning of the Court's prior order continues to apply, and the motion is denied. So Ordered by Judge Sanket J. Bulsara on 6/17/2026. (RB) (Entered: 06/17/2026) |
| 06/18/2026 | 31 | NOTICE of Appearance by David H. Besso on behalf of Thomas Zawyrucha (notification declined or already on case) (Besso, David) (Entered: 06/18/2026) |
| 06/18/2026 | 32 | NOTICE of Appearance by Michelle Aulivola on behalf of Thomas Zawyrucha (aty to be noticed) (Aulivola, Michelle) (Entered: 06/18/2026) |
| 06/18/2026 | 33 | Letter MOTION for Extension of Time to File Answer re 11 Amended Complaint by John Mangino. (NF) (Entered: 06/23/2026) |
| 06/24/2026 | | ORDER re 33 : The letter application of the pro se defendant, John Mangino, seeking additional time to answer the complaint will be treated by the Court as a motion to vacate the certificate of default entered on June 8, 2026. The plaintiff is directed to respond to the request to vacate the default on or before July 8, 2026. Ordered by Magistrate Judge Arlene R. Lindsay on 6/24/2026. c/ecf, C/M to John Mangino by Cert Mail RR# 9589071052702623810551 (RI) (Entered: 06/24/2026) |
| 07/08/2026 | 34 | MEMORANDUM in RESPONSE to Motion re 33 Letter MOTION for Extension of Time to File Answer re 11 Amended Complaint filed by Kyung L. Trotter. (NF) (Entered: 07/09/2026) |
| 07/10/2026 | | ORDER granting 33 : Over the plaintiffs objection, the defendant John Manginos motion to vacate the Clerks Entry of a Default is granted. Under Rule 55(c), the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Because defaults are generally disfavored and good cause under Rule 55(c) is construed generously, the undersigned finds that good cause exists in this case to vacate the entry of default and warrants allowing Mangino the opportunity to respond to the amended complaint. Mangino is directed to respond to the amended complaint on or before August 7, 2026. Ordered by Magistrate Judge Arlene R. Lindsay on 7/10/2026. (DM) (Entered: 07/10/2026) |
| 07/13/2026 | | ORDER: Plaintiff's motion for leave to file a motion for default judgment 28 is denied in light of the July 10, 2026 Order vacating the entry of default. So Ordered by Judge Sanket J. Bulsara on 7/13/2026. (RB) (Entered: 07/13/2026) |
| 07/13/2026 | 35 | PLAINTIFF'S RULE 72(a) OBJECTIONS TO ORDER VACATING DEFAULT AND GRANTING EXTENSION OF TIME by Kyung L. Trotter. (NF) (Entered: 07/13/2026) |
| 07/13/2026 | 36 | Emergency MOTION to Stay *Effect of Magistrate Judge's Order Pending District Judge Review of Rule 72(a) Objections* by Kyung L. Trotter. (NF) (Entered: 07/13/2026) |
| 07/13/2026 | 37 | CERTIFICATE OF SERVICE by Kyung L. Trotter re 34 MEMORANDUM in RESPONSE to Motion (NF) (Entered: 07/13/2026) |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 21 2026 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND INC., a.k.a. COMMUNITY DEVELOPMENT LONG ISLAND
SEVEN TIER, LP, a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,

Defendants.

-----------------------------------------------------------x

Case No. CV 26 2371
(To be assigned by Clerk)

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

RECEIVED
APR 21 2026
EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE
APR 21 '26 PM4:42

BULSARA, J.

LINDSAY, M.J.

Upon the affidavit/declaration of Plaintiff Kyung L. Trotter, sworn to on______________, the accompanying Complaint, the Memorandum of Law, the exhibits annexed thereto, and all prior pleadings and proceedings herein;

LET DEFENDANT John Mangino, SHOW CAUSE before this Court at____________, __________, in Part [__], Courtroom [______], or such other time and place as the Court may direct, why an order should not be made and entered pursuant to Fed. R. Civ. P. 65:

1. granting a temporary restraining order and preliminary injunction enjoining Defendant Mangino, their agents, servants, employees, attorneys, and all persons acting in concert with them from executing, enforcing, or otherwise carrying out any eviction, holdover writ, removal,

or physical dispossess of Plaintiff from the premises located at 374 Donald Blvd, Holbrook, NY 11741, pending final determination of this action;

2. staying any state-court eviction or dispossessory process against Plaintiff while this federal action remains pending;

3. enjoining Defendant Mangino from treating Plaintiff's tenancy as subject to a nonrenewal or month-to-month regime in a manner that would result in Plaintiff's removal during the pendency of this action;

4. granting such other and further relief as the Court deems just and proper.

IT IS FURTHER ORDERED that, pending the hearing of this Order to Show Cause, Defendants and all persons acting in concert with them shall be temporarily restrained and enjoined from taking any steps to execute, enforce, or carry out Plaintiff's eviction or physical removal from the premises, as such would result in irreparable harm to the Plaintiff.

IT IS FURTHER ORDERED that service of this Order to Show Cause, together with the papers upon which it is granted, shall be made upon Defendant Mangino

by____________________________ on or before_________________________.

IT IS FURTHER ORDERED that Defendant Mangino shall serve and file their opposition papers by ___________________________, and Plaintiff shall serve and file any reply papers by __________________________.

IT IS FURTHER ORDERED that Plaintiff's request for emergency relief is granted to the extent of the temporary restraints set forth above, without prejudice to Defendant's right to seek modification or dissolution upon proper application.

SO ORDERED.

Dated: ______________________________

______________________________

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND INC., a.k.a. COMMUNITY DEVELOPMENT LONG ISLAND
SEVEN TIER, LP, a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,

Defendants.

-----------------------------------------------------------x

Case No. ______________
(To be assigned by Clerk)

**AFFIDAVIT/DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE**

1. I Kyung L. Trotter, am the Plaintiff in this action and a competent adult. I make this declaration in support of my Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction as follows:

2. I am a participant of the Housing Choice Voucher program.

3. My landlord is John Mangino, who is also a defendant named in my 42 U.S.C. §1983 filed in this court.

4. Defendant Mangino is pursuing a holdover/eviction process against me based on an asserted, mere nonrenewal and/or month-to-month theory, as opposed to the federal requirements that he show grounds for good cause before terminating my tenancy.

5. Although Plaintiff filed a Motion to Dismiss in the proceeding, the eviction Court has been deliberating the same since April 2, 2026.

6. Should the eviction Court deny the Plaintiff's motion, the case will immediately go to trial, which in a summary proceeding is little more than a swift hearing.

7. Thus, I face a threat of imminent eviction, homelessness and a termination of my Housing Choice Voucher, because of the eviction.

8. In addition, I do not have an adequate opportunity to raise my federal claims in the state forum.

9. In my sworn complaint, I raise the question whether the policy, custom, practice or usage of the Community Development Corporation of Long Island, Inc. (CDCLI), serves as a and enables landlords to bypass procedural due process protections, before the landlord may terminate a tenancy.

10. Even if the Court ultimately answers in the affirmative in my favor, it will be too late to stop Defendant Mangino from evicting me from my home, with my children.

11. If the state proceeding is not stayed while this 42 U.S.C. §1983 is pending before this Court, I will suffer irreparable harm, which cannot be compensated monetarily.

12. Subsequently I do not have an adequate opportunity to raise my federal claims in the state forum.

13. Pursuant to Fed. R. Civ. P. 65(b)(1)(B), I certify that on April 21, 2026, at 1:38 pm I provided notice of this application to Defendant Mangino's counsel for the summary eviction, Thomas S Zawyrucha, by phone at (631) 227-3435 and (631) 948-5731.

14. A formal hearing should not be required prior to the issuance of this TRO because the state Court has been deliberating on a dispositive motion since April 2, 2026. A decision and a resulting eviction warrant could be issued at any moment.

15. Because an eviction constitutes irreparable harm, this Court must act immediately to stay the state proceedings before a warrant is executed, as the delay required for a noticed hearing would effectively moot the relief sought.

Respectfully submitted,


KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com


Sworn before me this 21st day of April, 2026:

Notary Public

Adrian A. Aragundi
Notary Public, State of New York
No. 01AR6435316, Suffolk County
Commission Expires June 21, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT
CORPORATION OF LONG ISLAND INC.,
a.k.a. COMMUNITY DEVELOPMENT
LONG ISLAND
SEVEN TIER, LP, a.k.a. CRAIG
RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,

Defendants.

----------------------------------------------------------x

Case No. ________________

**MEMORANDUM OF SUPPORT OF ORDER TO SHOW CAUSE**

## Preliminary Statement

Plaintiff seeks a Temporary Restraining Order (TRO) and a Preliminary Injunction (PI) to stop an imminent eviction and preserve the status quo while the Court decides federal claims.

The state forum has not provided and cannot provide a meaningful opportunity to the Plaintiff to protect her constitutional rights.

A federal court may enjoin a pending state summary holdover proceeding where the plaintiff shows (1) irreparable harm, (2) a serious question going to the merits to make them a fair ground for trial and (3) a balance of hardships tipping decidedly in the plaintiff's favor.

## Argument

## I. Irreparable Harm

As a general matter, courts have held that the "threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the first prong of the test for preliminary injunctive relief. *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 328 (E.D.N.Y. 2012). Plaintiff will suffer irreparable harm if a preliminary injunction is not granted, as summary eviction will result in the loss of her home and possibly the loss of her voucher. Whether she gets to keep her voucher is up to the discretion of the same Defendants name in this case and the same Defendants whose custom or usage caused the Plaintiff to be deprived her right to procedural process.

## II. Serious Question Going to the Merits Were Raised

Plaintiff has, at minimum, raised sufficiently serious questions going to the merits to make them a fair ground for litigation. Specifically, this action presents the substantial question of whether CDCLI's policy, custom, or usage enables landlords, specifically in this case, Defendant Mangino, to bypass procedural due process rights provided by 42 U.S.C. §1437f and 24 C.F.R. §982, for tenants, before terminations of tenancy and instead evict tenants at will.

The record reflects that Defendant initiated and continues to prosecute eviction proceedings against the Plaintiff, in the absence of the federally required procedural protections governing Housing Choice Voucher program tenancies, including adequate notice and compliance with program conditions that regulate termination of tenancy. At a minimum, these facts raise a substantial question as to whether Defendant's conduct deprives Plaintiff of a protected property interest in continued occupancy without due process of law.

Accordingly, Plaintiff has satisfied the "serious questions" standard warranting preliminary injunctive relief.

### III. Balance of Equities

If a TRO and preliminary is not granted to the Plaintiff, she could be evicted from her home. In addition, whether she continues to receive her housing benefit will be left up to the discretion of the very same parties in this instant case. Such also not only places her in imminent danger of immediate homelessness, but permanent homelessness without no way to fund another place to live with her children.

On the other hand, Defendant Mangino would only be subject to maintaining a tenancy which he merely just does want to maintain. In addition, if the Plaintiff were to be evicted, Mangino could easily replace her with a tenant.

Thus, the hardship tips sharply in the Plaintiff's favor.

### IV. Anti Injunction Act

"The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction and (iii) the need to protect or effectuate the federal court's judgments." *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012).

A federal court properly acts "in aid of its jurisdiction" where enjoining state proceedings is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line,* 398 U.S. at 295, 90 S.Ct. 1739; *see also Bess v. Spitzer,* 459 F.Supp.2d 191, 202 (E.D.N.Y.2007) *Sinisgallo v. Town of Islip Hous. Auth.,* 865 F. Supp. 2d 307, 317–18 (E.D.N.Y. 2012)

Courts have held that this second exception is applicable when a plaintiff cannot present his or her federal claims in the state court eviction proceeding. *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 318 (E.D.N.Y. 2012).

For example, in *McNeill v. New York City Housing Authority,* 719 F.Supp. 233, 256 (S.D.N.Y.1989) the plaintiffs alleged that the New York City Housing Authority's ("NYCHA") procedures for terminating their Section 8 benefits violated their constitutional right to due process and their rights under the United States Housing Act and federal HUD regulations. Although the plaintiffs received their Section 8 benefits from the NYCHA, their leases were with private landlords. As a result, when the NYCHA terminated their Section 8 benefits and they were no longer able to pay their rent, the private landlords commenced eviction proceedings against the plaintiffs. The court held that the "in aid of jurisdiction" to the Anti–Injunction Act applied, reasoning that:

Unless eviction proceedings are stayed long enough to adjudicate Plaintiffs' alleged right to retroactive reinstatement in the Section 8 program, plaintiffs will be evicted before this case can be decided. In this event, the Court will be unable to accord meaningful relief to the parties. Reinstatement in Section 8 without an apartment would be tantamount to no relief at all. Similarly, a change in NYCHA's Section 8 termination policies and practices would mean little to plaintiffs who have already lost their apartments. Preliminary injunctive relief thus is essential to aid this Court's ability to decide the claims and accord the appropriate relief. *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 318 (E.D.N.Y. 2012)

Plaintiff's circumstances are analogous to McNeill, supra. CDCLI's policy, custom or usage, supplanted the Plaintiff's due process protections which would have attached, had it followed 42 USC §1437 and 24 CFR §982 and ensured that she had a written renewed lease, tenancy addendum and coterminous hap contract framework. This structure causes protections to attach such as notice, a meaningful opportunity to be heard, and a requirement that a landlord show good cause before terminating a tenancy. Because CDCLI's policy, custom or usage stripped the Plaintiff of her lease and said structure, Defendant Mangino was able to file a summary eviction, merely claiming that she was a holdover. Thus, CDCLI's actions deprived the Plaintiff of her constitutional right to due process.

Unless the Plaintiff's eviction proceedings are stayed long enough to adjudicate whether CDCLI's custom or usage, by way of stripping her of her lease and protections, enabled Defendant Mangino to purportedly terminate her tenancy, Plaintiff will be evicted before this case may be decided. In this event, this Court, as in Sinigallo, will not be able to accord the Plaintiff meaningful relief. A finding that CDCLI's policy, custom or usage stripped the Plaintiff of her lease and due process protections, leaving her exposed to a mere holdover eviction, could not bring relief as the Plaintiff will have already lost her home.

## V. <u>Younger Abstention- More Theoretical Than Real</u>

The adequacy of the summary eviction court to provide an adequate forum for relief is more theoretical than real, in that a summary eviction presents a procedural barrier and Defendant Mangino brought the eviction in bad faith.

### 1. **The Procedural Barrier**

Eviction cases in New York District Courts are "summary proceedings." They are designed for speed, not for complex constitutional litigation. The speed of the process prevents the Plaintiff from actually litigating her Fourteenth Amendment Due Process claim or her Section 1983 theories.

## VI. Federal Court May Interfere Where Due Process Has Been Deprived

"It is well to repeat at the outset that the Civil Rights Act does not empower a federal judge to interfere with a 'state' landlord's decision not to renew a lease simply because he thinks the decision harsh or unwise; he is authorized to do this only if the tenant has been deprived of due process of law". *Sinisgallo,* 865 F. Supp. 2d at 322.

Plaintiff's allegations fit squarely into this reasoning. Plaintiff's lease expired in January, 2024 as alleged in her complaint. She further alleges that Defendant Mangino engaged in a scheme which deprived her of a statutorily and regulatorily required lease renewal and he was only able to file the summary eviction, because such scheme also enabled him to bypass federally adequate notice of termination and the state pleading requirements. Thus, the Court may interfere with the state proceeding as such was initiated by way of deprivation of the Plaintiff's procedural due process rights.

## VII. The requested relief is prospective and proper

Plaintiff does not ask this Court to sit in review of a final state judgment. Plaintiff asks only for prospective equitable relief to prevent ongoing deprivation while this federal case proceeds.

**Conclusion**

For these reasons, Plaintiff respectfully requests that the Court sign the Order to Show Cause, issue temporary restraints immediately, and schedule an expedited hearing on the preliminary injunction.

Respectfully submitted,

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

24. Hayes is sued in her official capacity.

25. Defendant THOMAS ZAWYRUCHA is an attorney-at-law licensed to practice in the State of New York, with a principal place of business located at 15 Woodhollow Road, Box 477, Great River, New York 11739.

26. Defendant ZAWYRUCHA acted under color of state law within the meaning of 42 U.S.C. § 1983 by willfully engaging in joint activity and conspiring with Judge Stephen Ukeiley, the presiding judicial officer in the state court eviction proceeding brought by Defendant Mangino against the Plaintiff, as well as an unnamed Court Clerk.

27. Zawyrucha's participated in two clandestine and *ex parte* agreements with state officials, to subvert the Plaintiff's right to notice and the opportunity to be heard, as well as to insulate the proceedings from appellate review.

28. Zawyrucha's conduct, specifically his collaboration with Judge Stephen Ukeiley and an unnamed Court Clerk to bypass mandatory procedural safeguards and ensure the withholding of appealable written orders, is fairly attributable to the State. *Dennis v. Sparks*, 449 U.S. 24 (1980).

29. Zawyrucha is sued in his individual capacity.

## STATUTORY AND REGULATORY FRAMEWORK OF THE HCV PROGRAM

### Landlord Duty to Form the Tenancy Structure

30. Plaintiff hereby incorporates and realleges paragraphs 1 through 29 as if fully set forth herein.

31. The form of the Section 8 tenancy structure, upon which a landlord may be paid, consists of two contracts: the lease between the landlord and tenant and the HAP contract between the Local Administrator (LA) and the landlord.

190. Hayes then claims that she has "reviewed the federal regulations" that Plaintiff cited and instructs Plaintiff to click on the links which she "highlighted in blue" for her to review the "full context".

191. Upon clicking the first paragraph highlighted in blue, Plaintiff found that it was a Google link, leading to the results of the search terms "HUD- prescribed tenancy addendum".

192. The second paragraph was a Google link leading to the search terms: "24 C.F.R. §982.305(a)(3)" which brings up the Cornell Law School website, with 24 C.F.R. §982.305(c)(3) highlighted.

193. Hayes then advises Plaintiff to provide Phraner with the paperwork showing the outcome of the eviction once she receives it and concludes the email with: "Thank you and have a good day."

194. Plaintiff received no further contact from Hayes.

**V. CONDUCT- DEFENDANT ZAWYRUCHA**

195. Plaintiff hereby incorporates and realleges paragraphs 1 through 194 as if fully set forth herein.

196. On or about December 4, 2025, Defendant Thomas S. Zawyrucha filed a summary eviction petition in the 5th District Court of Suffolk County (the 5th District) before Judge Stephen L. Ukeiley (Judge Ukeiley), to evict the Plaintiff from her 374 Home.

197. Zawyrucha deliberately failed to state in the petition that the Plaintiff was a Section 8 tenant.

198. As a Section 8 tenant, Plaintiff was entitled to predicate notice stating the grounds upon which Defendant Mangino was initiating the summary eviction under 24 CFR §982.310

and under RPAPL §741. Zawyrucha was required to state the Plaintiff's interest in this regard.

199. Failure to do either is failure to state a claim and jurisdictionally fatal.

200. On February 5, 2026 Plaintiff attempted to file a Motion to Dismiss, asserting the same, *inter alia*, with the 5th District's Clerk's Office.

201. The day before, a clerk in said office had advised the Plaintiff that she could notarize and file her papers at the Clerk's window, so long as she had one of the covers from the court. The same clerk advised her to arrive at 9:15 a.m. to have enough time to do so, before calendar call.

202. Upon arrival at the courthouse, Plaintiff was informed by a different Clerk that her papers could not be accepted for filing, because the matter was on the calendar to be heard that same day.

203. When the case was called, the Plaintiff informed the Court that she had her papers, but had been turned away at the Clerk's window.

204. Subsequently, Judge Ukeiley accepted her papers in hand and Defendant Mangino's counsel, Defendant Zawyrucha, (Zawyrucha) accepted service thereof in open court.

205. The hearing concluded with Judge Ukeiley ordering the parties into a briefing schedule, which was: Plaintiff's Response was due on March 5, 2026; Zawyrucha's Reply was due March 12, 2026 and thereafter, Judge Ukeiley stated that he would make a decision.

206. The Plaintiff remained in the courtroom for the entirety of the February 5 proceeding.

207. Judge Ukeiley did not set a hearing or appearance date for the Motion to Dismiss and explicitly informed the Plaintiff that she neither had to appear on March 5, nor March 12, 2026.

208. There was no second call for the matter, Judge Ukeiley set no adjournment date for February 26, 2026.

209. Under CPLR § 2101(f) Defendant Zawyrucha had fifteen days from February 5, 2025, the day the Motion to Dismiss and Answer were served upon him, to return the Motion to Dismiss and Answer and Counterclaim to the Plaintiff with his statement of objections.

210. Zawyrucha neither returned the aforesaid papers nor objected before expiration of the fifteen days, which was February 20, 2026.

211. Instead, on the day of the February 5, 2026 hearing, after the Plaintiff had already left the courthouse as the session had ended for the day, Zawyrucha waited around to have a "second call" with Judge Ukeiley, without the Plaintiff.

212. Zawyrucha appeared during the purported "second call", before Judge Ukeiley, without the Plaintiff and asserted to the Judge, referring to the Plaintiff's papers: "Your Honor, the -- the papers that were submitted to the Court, the answer and the motion, are unsigned and they weren't notarized…So, I got a problem." (See Exhibit 14, February 5, 2026 Transcripts, Pg. 7, Lines 15-17 and Line 19.)

213. Judge Ukeiley responded: "So let's do a court to notify." (See Exhibit 14, February 5, 2026 Transcripts, Pg. 8 Line16.)

214. Judge Ukeiley went on to state: "Direct appearances are required and please put in the Court's note that the respondent's motion papers are rejected as having been unsigned and that appearance is required." ( See Exhibit 14, February 5, 2026 Transcripts, Pg. 8 Lines 16-19.)

215. The Judge then instructed Defendant Zawyrucha: "So Mr. Zawyrucha, it may be good if -- or it may be wise if you send a notice to the respondent as well, *just stating that there is*

*a court appearance* on -- for 22 February 26th, the reason being is that the motion papers were not signed by the respondent." (See Exhibit 14, Transcripts, February 5, 2026 Pg. 8, Lines 20-24.)

216. Judge Ukeiley took care not to mention that he was rescinding his original briefing schedule, but the Clerk forced him to do so on the record.

217. The Clerk asked: "So we're rescinding the original schedule for the opposition and the reply?" (See Exhibit 14, Transcripts, February 5, 2026, Pg. 9 Lines 8-9.)

218. Judge Ukeiley then answered: "I'm rescinding that. Yeah." ( See Exhibit 14, Transcripts, February 5, 2026, Pg. 9 Line 10.)

219. Zawyrucha responded: "Thank you, Your Honor." (See Exhibit 14, Transcripts Pg. 9 Line 12.)

220. On or about February 11, 2026, Plaintiff received Zawyrucha's letter simply stating that Judge Ukeiley was requesting that the parties were to appear in court on the 26th of February, because the Plaintiff's papers were not signed.

221. On or about February 15, 2026, Plaintiff received a letter from the 5th District Court's Clerk, informing her of the same.

222. Neither letter informed the Plaintiff that the Zawyrucha had appeared without her at purported "second call", and obtained an oral order by way of this *ex parte* communication, from Judge Ukeiley, rescinding the original briefing schedule.

223. On or about February 17, 2026 Plaintiff filed a Motion to Cure Irregularities to fix the unsigned papers and requested that Judge Ukeiley accept her papers *nunc pro tunc*, as he was required to do under state statute and caselaw.

224. That same day Plaintiff learned from the same Clerk that had refused to take her papers on February 5th, that Zawyrucha had appeared at a “second call” and had supposedly “adjourned” the February 5th hearing.

225. On or about February 21, 2026, Plaintiff filed an Order to Show Cause to stay the February 26, hearing, asserting that: Zawyrucha had obtained it improperly, without notice to her or an opportunity to be heard, finding that Zawyrucha had waived his right to object to the unsigned papers and was therefore in default on responding to her Motion to Dismiss and requesting that Judge Ukeiley accept her papers *nunc pro tunc*.

226. Judge Ukeiley did not respond before February 26, 2026.

227. During the hearing on February 26th, the Court Clerk stated: “Number 60 John Mangino versus Kyung Trotter.” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Lines 1-2.)

228. Summary eviction cases are called by number in the 5th District Court.

229. Zawyrucha stated to Judge Ukeiley: “Your Honor, Application”. (See Exhibit 15, See Transcripts, February 26, 2026 Pg. 2, Line 3.)

230. Judge Ukeiley replied: “Yeah, come up.” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Line 4.)

231. The Court Clerk stated: “That would be 60, 70 and 71.” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Line 5.)

232. Zawyrucha replied: “I agree.” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Line 6.

233. The Clerk stated: “Yes. That's it.” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Line 7.)

234. Zawyruch asked: “It's all one index number, right?” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Line 9.)

235. The Clerk replied: “Yes.” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Line 10.)

236. Judge Ukeiley announced: “All right. So Mr. Zawyrucha, your appearance for the record.” (See Exhibit 15, Transcripts, February 26, 2026 Pg. 2, Lines 11-12.)

237. Zawyrucha had not filed a written motion requesting more time to respond to the Plaintiff’s Motion to Dismiss. Instead, he requested it orally at the February 26th hearing.

238. Judge Ukeiley granted Zawyrucha 3 additional weeks to respond to the Plaintiff’s Motion to Dismiss, without a written application which would have included notice to the Plaintiff, before said hearing and an opportunity to be heard as to any alleged grounds for good cause to be granted more time, asserted by Zawyrucha.

239. Judge Ukeiley scribbled a note on the Plaintiff’s Order to Show Cause (OSC), simply stating that he was declining to sign it because “there was no basis for it”.

240. Judge Ukeiley did not issue a written order explaining his reasoning or what documents he had considered.

241. Judge Ukeiley placed Zawyrucha at a procedural advantage, by allowing the February 26, 2026 hearing to move forward by way of not addressing the Plaintiff’s OSC.

242. On March 4, 2026, Plaintiff filed a proposed order to declare her Motion to Cure moot.

243. Judge Ukeiley did not respond, sign the proposed order or issue an order of his own on the Motion to Cure.

244. Plaintiff filed a request for a written order on her OSC, pursuant to CPLR §2219.

245. Judge Ukeiley did not respond or issue a written order on the OSC.

246. On or about March 10, Plaintiff filed a written objection to the improper extension of time and requested a written order, explaining Judge Ukeiley's reasoning for the extension.

247. Judge Ukeiley did not respond or issue a written order for the extension he granted Zawyrucha.

248. Zawyrucha then submitted his untimely response.

249. On or about April 17, 2026 Judge Ukeiley issued a conclusory order, claiming to have considered all of the Plaintiff's motions and papers, and declaring that her Motion to Dismiss was denied.

250. He also claimed that Defendant Mangino had stated a viable claim, with no reasoning whatsoever.

251. Judge Ukeiley referred to the at least 20 procedural assertions and defenses by the Plaintiff as "material issues of disputed facts" which needed to be addressed at a trial, instead of matters of law.

252. He set a date for May 21st, wherein "the proceeding shall be scheduled for a conference".

## CAUSES OF ACTION

### COUNT I: 42 U.S.C. §1983 DEPRIVATION OF PROPERTY INTEREST IN HCV BENEFIT WITHOUT PROCEDURAL DUE PROCESS- DEFENDANT SEVEN TIER, LP

253. Plaintiff hereby incorporates and realleges paragraphs 1 through 252 as if fully set forth herein.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

--------------------------------------------------------------------------x

Case No.: 26-cv-02371

**NOTICE OF ~~ORDER TO SHOW CAUSE~~ Motion K.L.T. FOR TEMPORARY RESTRAINING ORDER**

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

JUN 17 '26 AM9:43
REC'D IN PRO SE OFFICE

**PLEASE TAKE NOTICE** that upon the annexed Affidavit of Kyung L. Trotter, sworn to on June 16, 2026; the newly issued Certificate of Default against Defendant John Mangino (Exhibit A); the pending eviction trial date scheduled for June 18, 2026, in the Suffolk County 5th District Court (Exhibit B); the conclusory Order of said Court entered on April 15, 2026 (Exhibit C); and all prior pleadings, papers, and proceedings had herein, Plaintiff Kyung L. Trotter moves this Court, before the Honorable Sanket J. Bulsara, United States District Judge, at the United States Courthouse, 100 Federal Plaza, Central Islip, NY 11722, New York, for an Order:

1. GRANTING a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) enjoining Defendants John Mangino and Thomas Zawyrucha from using, prosecuting, enforcing, or completing an eviction through the state-court process that

denies Plaintiff constitutionally adequate notice, a meaningful opportunity to be heard, and a neutral tribunal; and

2. MAINTAINING the status quo of the parties and the subject tenancy pending a formal preliminary-injunction hearing before this Court.

**GROUNDS FOR MOTION**

Plaintiff respectfully submits that this emergency application is necessary based upon the following critical points:

- The Clerk's Entry of Default: The Clerk of this Court formally issued a Certificate of Default against Defendant John Mangino, as he failed to file a pre-motion letter or answer the complaint within the 21 days permitted by law. (Exhibit A).
- The Intent to Complete the Deprivation: Despite Defendant Mangino's operational legal admission of all of Plaintiff's well-pleaded factual allegations—specifically that he is violating her Fourteenth Amendment rights—Mangino intends to aggressively prosecute a summary state-court eviction trial on June 18, 2026, to strip Plaintiff of her protected property interest in her home before her federal claims can be heard (Exhibit B).
- The Inadequacy of the State Forum: The state court issued a completely conclusory order, received by Plaintiff on April 15, 2026, which summarily denied Plaintiff's motions without addressing her jurisdictional challenges, federal constitutional claims, lease-term merits, or procedural due process rights. This judicial action proves that the state forum is procedurally inadequate, reinforcing the immediate need for federal intervention (Exhibit C).

Respectfully submitted,

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------x

Case No.: 26-cv-02371

**AFFIDAVIT IN SUPPORT OF ~~ORDER TO SHOW CAUSE~~ MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** K.L.T.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

**KYUNG L. TROTTER**, being duly sworn, deposes and says:

1. I am the Plaintiff pro se in this action. I submit this affidavit in support of my motion for a Temporary Restraining Order (TRO).

2. I Kyung L. Trotter, am the Plaintiff in this action and a competent adult. I make this declaration in support of my Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction as follows:

3. I am a participant of the Housing Choice Voucher program.

4. My landlord is John Mangino, who is also a defendant named in my 42 U.S.C. §1983 filed in this court.

5. Defendant Mangino is pursuing a holdover/eviction process against me based on an asserted, mere nonrenewal and/or month-to-month theory, as opposed to the federal requirements that he show grounds for good cause before terminating my tenancy.

6. I have not been afforded any opportunity to be heard in the eviction court.

7. The eviction goes to trial on June 18, 2026

8. Thus, I face a threat of imminent eviction, homelessness and a termination of my Housing Choice Voucher.

9. My Section 1983 asserts that Defendant CDCLI is the state and that Defendant Mangino acted with CDCLI to deprive me of my property interests in my HCV benefit and continued tenancy by way of renewed leases, without a hearing or procedural due process in the summary eviction court.

10. In my Section 1983, I raised several serious questions going to the merits including

    - whether CDCLI has a policy or custom which deprives HCV tenants of due process, before its participating landlords may terminate the tenancies of voucher holders, in violation of 42 U.S.C. §1437f and 24 CFR §982
    - whether Defendant Seven Tier, LP (Seven Tier) failed to serve the Plaintiff predicate notice compliant with 42 U.S.C. §1437f and 24 CFR §982.310 before terminating her tenancy, in violation of due process
    - whether 42 U.S.C. §1437f and 24 CFR §982 provide that a tenant automatically becomes a "month to month" tenant after her first lease term expires

- whether Seven Tier, LP engaged in a constitutional "end run" with CDCLI to deprive the Plaintiff of her HCV benefit
- whether Seven Tier filed a petition for eviction against the Plaintiff deliberately concealing her Section 8 status to avoid having to show good cause under the aforesaid statute and regulation, depriving her of procedural due process
- whether Defendant Zawyrucha engaged in conduct which deprived the Plaintiff of procedural due process in the parallel summary eviction at issue.

11. Even if the Court rules in my favor, it will be too late to stop Defendant Mangino from evicting me from my home, with my children.

12. If the state proceeding is not stayed while this 42 U.S.C. §1983 is pending before this Court, I will suffer irreparable harm, which cannot be compensated monetarily.

13. Subsequently I do not have an adequate opportunity to raise my federal claims in the state forum.

14. In addition, the eviction Court does not have jurisdiction to hear a claim against Defendant Community Development Corporation, Long Island.

15. On June 8, the Clerk of this Court entered a Certificate of Default against Defendant John Mangino (Defendant Mangino) (Exhibit A).

16. On May 21, 2026, I attended a scheduled hearing before Judge Ukeiley for the pending eviction proceeding along with Defendant Zawyrucha, who represents Defendant Mangino.

17. At the hearing I challenged Judge Ukeiley's jurisdiction to hear the case based upon Defendant Mangino's failure to serve me notice stating good cause, as a Section 8 tenant and deliberate omission of my regulatory status in his petition, to further avoid showing good cause.

18. At that hearing Judge Ukeiley abruptly cut my argument short declaring that a "Second Call" needed to occur.

19. Judge Ukeiley then heard every single case until the entire courtroom was empty, except for myself, Defendant Mangino, Defendant Zawyrucha, an unknown person with the Defendants and court personnel.

20. Judge Ukeiley then recalled my case with no public witnesses present.

21. At that time I reiterated my challenge to the Judge's jurisdiction to no avail.

22. Judge Ukeiley did not rule on my challenge orally or by written order and reiterated that he was denying my Motion to Dismiss despite failing to address the aforesaid procedural failures of Defendant Mangino and my defenses that I asserted in the motion.

23. The Judge then ordered the eviction case to proceed to trial on June 18, 2026. (Exhibit B)

24. Judge Ukeiley, while not named as a Defendant in this action, is the State, which Defendant John Mangino, by way of his counsel, Defendant Zawyrucha is acting jointly to deprive me of my property interests in my HCV benefit and continued tenancy without due process.

25. In addition, on April 15, 2026, I received a one-sentence, conclusory written order from Judge Ukeiley, simply stating that Mangino had "stated a claim" and that factual issues necessitated a trial. (Exhibit C).

26. This order summarily denied my Motion to Dismiss for the first time, without addressing any of my federal constitutional claims or the specific merits regarding the expiration of the lease term.

27. The state Court has disregarded at least 18 state and federal procedural rules to prevent me from being heard to include: 42 U.S.C.A. §1437f d)(1)(B)(iv); 42 U.S.C.A. §1437f(o)(7)(C); 24 C.F.R. § 982.310(e)(2)(i), CPLR §2102, RPAPL § 741.1, RPAPL § 741.2., RPAPL § 741.3., RPAPL § 741.14 and RPAPL § 711.2., CPLR §2101f, CPLR §2001, CPLR §2219, CPLR §2214(c), CPLR §3012(d), CPLR §2004, N.Y. Comp. Codes R. & Regs. tit. 22, § 100.3. and CPLR §2004, all asserted by the Plaintiff in the papers listed above over a course of approximately 5 months.

28. I has also refused to adjudicate or issue written orders on the my Motion to Dismiss, Respondent's Objection to Unauthorized Extension of Time and Request for a Written Order, Supplemental Affirmation in Further Support of Respondent's Motion and Requesting That the Court Disregard Untimely Opposition Papers, Notice Rejecting Any Untimely Opposition to Respondent's Motion to Dismiss, Order to Show Cause to Stay Improperly Scheduled February 26, 2026 Hearing, Respondent's Request for a Written Order on Order to Show Cause and, Motion to Cure Irregularities in Respondent's Motion and Answer, collapsing all these filings into one conclusory, one-sentence order.

29. The conclusory nature of the April 15th order leaves me with no record to seek meaningful appellate review in state court. Consequently, unless this Court grants the TRO now, the state proceeding will move to trial on June 18th and result in a certain warrant of eviction, rendering any subsequent federal remedy moot and leaving me without the time or the record necessary to protect my constitutional interests.

30. The conclusory April 15, 2026 order stands as literal proof that the state forum is procedurally inadequate to protect my 14th Amendment rights.

31. Under *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), the Younger abstention does apply because this private civil dispute is not a "quasi-criminal" enforcement action, a state criminal prosecution or an interference with pending "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.

32. Furthermore, *Mitchum v. Foster,* 407 U.S. 225 (1972) establishes that Section 1983 claims are specifically excepted from the Anti-Injunction Act.

33. Pursuant to Fed. R. Civ. P. 65(b)(1)(B), I certify that on June 16, 2026 at 3:48 pm I provided notice of this application to Defendant Mangino's counsel for the summary eviction, Thomas S Zawyrucha, by phone at (631) 227-3435 and (631) 948-5731.

**WHEREFORE,** I respectfully request that the Court grant the Temporary Restraining Order as requested.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on June 16, 2026

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND INC., a.k.a. COMMUNITY DEVELOPMENT LONG ISLAND
SEVEN TIER, LP, a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,

Defendants.

-------------------------------------------------------------x

Case No.: 26-cv-02371

**MEMORANDUM IN SUPPORT OF ~~ORDER TO SHOW CAUSE~~ MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** K.L.T.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

## INTRODUCTION

Plaintiff Kyung L. Trotter respectfully moves this Court, on an emergency basis, for a Temporary Restraining Order ("TRO") and a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b). Plaintiff seeks an Order enjoining and restraining Defendant Mangino, his agents, attorneys including Defendant Zawyrucha, and anyone acting jointly with them, from prosecuting, advancing, or enforcing the summary eviction proceeding captioned *John Mangino v. Kyung L. Trotter*, Index No. LT-1852-25/IS, currently pending in the 5th District Court of Suffolk County, Ronkonkoma, NY.

Immediate injunctive relief is required to preserve the status quo and this Court's jurisdiction and to prevent a catastrophic, unconstitutional deprivation of property and due process that cannot be undone by law.

## ARGUMENT

To be granted a preliminary injunction Plaintiff must show (1) irreparable harm absent injunctive relief and (2) 'either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor.' " *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir.2010) (quoting *Almontaser v. N.Y. Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir.2008)). *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 328 (E.D.N.Y. 2012).

### I. Plaintiff Demonstrates a Likelihood of Success on the Merits

A movant wishing to secure a preliminary injunction must demonstrate that it is more likely than not to succeed on its underlying claims, or in other words, show a greater than fifty percent probability of success on the merits. *Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2nd Cir. 2010).

To state a claim under 42 U.S.C. § 1983 (§ 1983), a plaintiff must allege that she was deprived of a federal constitutional or statutory right by a person acting under color of state law.

### A. CDCLI is a State Actor Operating Under *Monell*

Private entities are generally not liable under § 1983 for the constitutional torts of their employees unless their actions pursuant to an official policy or widespread custom caused the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). While *Monell* originally addressed municipal employers, the Second Circuit has explicitly extended its rationale to private entities acting under color of state law. *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408–409 (2d Cir. 1990).Community Development Corporation, Long Island (CDCLI), a corporation acting on behalf of the Housing Trust Fund Corporation (HTFC),

performs functions that are traditionally the exclusive prerogative of the State, including lease approval, execution and administration of Housing Assistance Payment (HAP) contracts, regulatory enforcement, program eligibility determinations, and oversight of tenancy terminations. Consequently, CDCLI's structural actions are fairly attributable to the State and it may be held liable for the actions of its employees under Monell.

**B. Defendant Mangino Acted Jointly with CDCLI**

To establish § 1983 liability for a private collaborator, a plaintiff need not show that the accused is an official officer of the State; it is sufficient to allege that the private entity was a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); see also Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Plaintiff asserts in her complaint that Defendant Mangino acted jointly with CDCLI, to deprive her of her property interests in her HCV benefit and continued tenancy by way of mandatory lease renewal, without procedural due process. Thus, Defendant Mangino is a State actor.

**C. The Standard for Deprivation of Property Without Due Process**

Where a plaintiff alleges violations of procedural due process "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law". *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (emphasis in original). To determine whether the Plaintiffs have a valid due process claim, the Court applies a two-step inquiry: (1) whether the Plaintiffs possess a property interest and, if so, (2) what process they are due before they can be deprived of that interest. See *Ciambriello v.*

*Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir.2002). *Sinisgallo v. Town of Islip Housing Authority*, 865 F.Supp.2d 307, 330 (2012).

**D. Plaintiff's Protected Property Interest in Her HCV Benefit**

"Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits". *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). 42 U.S.C. §1437f and 24 C.F.R. § 982 secure Plaintiff's HCV benefit, by providing that the lease and HAP contract required in the framework are executed coterminously. The statute and regulation also provide that a lease must contain a renewal clause, be written and for a term not less than one year. This is not an abstract need, desire or unilateral expectation. It is a government created entitlement, which cannot be deprived without due process.

In addition, the 2nd Circuit and EDNY has held that Plaintiff has a protected property interest in participating in the HCV program, and her property interest is entitled to the protection of due process. *United States v. Leasehold Interest in 121 Nostrand Ave., Apt. 1–C, Brooklyn, N.Y.*, 760 F.Supp. 1015, 1027 (E.D.N.Y.1991) ("A public housing tenant's interest in his apartment is a property interest protected by the Constitution.") *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F.Supp.2d 307, 330 (E.D. N.Y. 2012). Thus, Plaintiff has a property interest in her HCV benefit.

**E. The Process Due Before Terminating the Benefit of the Voucher**

There is no way for CDCLI to strip the Plaintiff of her lease alone. To take the Plaintiff's ability to "lease up" away- CDCLI would have to terminate the voucher itself. To terminate the

voucher, under 24 C.F.R. § 982.555 CDCLI must provide the Plaintiff a hearing. *Goldberg v. Kelly*, 397 U.S. 254, 266-267 (1970).

CDCLI's custom of "automatic month to month" eliminates this process. It simply declares that the tenant is now "month to month" at the end of the first lease term, thus no longer entitled to a written lease. This custom caused the Plaintiff to live in a functional state of having her benefit terminated, without the due process protections of the program. Defendant Mangino utilized CDCL's custom or usage, depriving the Plaintiff of the regulatory framework which protects her HCV benefit, by failing to renew her lease in 2024, 2025 and 2026. He accepted the purported "Housing Choice Voucher Program Contract and Tenancy Addendum Amendments" of the phantom HAP contracts- which cannot legally exist without a lease- for all three years. In addition, he collected payments from the Plaintiff and CDCLI without the legal framework in place for those three years, all while leaving the Plaintiff vulnerable to eviction at his will. Thus, Defendant Mangino, acting jointly with CDCLI, deprived the Plaintiff of HCV benefit.

**F. Plaintiff's Property Interest in Continued Tenancy via Lease Renewals**

As an HCV recipient, Plaintiff has a property interest in continuing her tenancy in her home. *Jackson Terrace Ass'n v. Paterson,* 155 Misc.2d 556, 557, 589 N.Y.S.2d 141, 141 (N.Y.Dist.Ct.1992) ("A tenant in a federally subsidized housing project has a constitutionally protected expectation of continued occupancy in the absence of good cause for termination and such statutory entitlements are protected by the due process clause of the constitution."); see also *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir.2005) ("procedural due process protections ordinarily attach where state or federal law confers an entitlement to benefits"); *Lopez v. Henry Phipps Plaza South, Inc.*, 498 F.2d 937 (2d Cir.1974) (tenant in a nonprofit housing development had an

expectation in the renewal of her lease and nonrenewal without a hearing amounted to a deprivation of due process). *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F.Supp.2d 307 (E.D. N.Y. 2012), 330 See also, *Augusta v. Cmty. Dev. Corp. of Long Island, Inc.*, No. 07-CV-0361, 2008 WL 5378386 (E.D.N.Y. Dec. 23, 2008).

**G. The Process Due Before Initiating a Summary Eviction**

Under 24 C.F.R. § 982.310, an HCV landlord may only terminate a tenancy during the lease term by serving proper written notice, identifying the narrowly regulated grounds for eviction, and serving the same upon the public housing authority. Moreover, New York law strictly dictates that where a landlord seeks to recover possession in a summary proceeding, the petition must explicitly allege the regulatory status of the premises and that he has strictly complied with the aforesaid regulation. *Villas of Forest Hills Co. v. Lumberger*, 128 A.D.2d 701, 702 (2d Dep't 1987); *Matter of Volunteers of Am.-Greater N.Y., Inc. v. Almonte*, 65 A.D.3d 1155 (2d Dep't 2009); RPAPL § 741.

Because these mandatory protections apply "during the term of the lease," removing the lease framework stripped the Plaintiff of this procedural due process. Defendant Mangino engineered this deprivation by disregarding the renewal clause in their first lease, treating the Plaintiff's tenancy as a standard month-to-month holdover, serving her a standard 90-day notice to terminate her tenancy without stating any federal regulatory grounds, and misrepresenting the Plaintiff's regulatory status to the state court. Thus, Defendant Mangino deprived the Plaintiff of adequate notice before terminating her tenancy and meaningful opportunity to heard in court. As the case is still pending, he currently seeks to complete his deprivation before a partial Court. As

all elements of a Section 1983 claim are met, Plaintiff's likelihood of success on the merits is 51 percent or higher.

**II. Plaintiff Raises Serious Questions Going to the Merits**

In the alternative, Plaintiff raises serious questions going to the merits. Where a complaint raises issues that are so serious, substantial, difficult and doubtful, as to make them fair grounds for litigation, thus more deliberative, the alternative to the "likelihood of the merits" standard will be met. *Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37 (2nd Cir. 2010). Plaintiff's alleges sufficiently serious questions going to the merits which make a fair ground for litigation. Here, the complaint raises several issues to include:

- whether CDCLI has a policy or custom which deprives HCV tenants of due process, before its participating landlords may terminate the tenancies of voucher holders, in violation of 42 U.S.C. §1437f and 24 CFR §982
- whether Defendant Seven Tier, LP (Seven Tier) failed to serve the Plaintiff predicate notice compliant with 42 U.S.C. §1437f and 24 CFR §982.310 before terminating her tenancy, in violation of due process
- whether 42 U.S.C. §1437f and 24 CFR §982 provide that a tenant automatically becomes a "month to month" tenant after her first lease term expires
- whether Seven Tier, LP engaged in a constitutional "end run" with CDCLI to deprive the Plaintiff of her HCV benefit

- whether Seven Tier filed a petition for eviction against the Plaintiff deliberately concealing her Section 8 status to avoid having to show good cause under the aforesaid statute and regulation, depriving her of procedural due process
- whether Defendant Zawyrucha engaged in conduct which deprived the Plaintiff of procedural due process in the parallel summary eviction at issue.

As these questions are so serious, substantial and difficult, that they require a trial or the Court's deliberative investigation. Thus, serious questions which go to the merits and make a fair ground for litigation exist. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 256 (S.D. N.Y. 1989).

**III. Plaintiff Will Suffer Irreparable Harm Absent Injunction**

The threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable injury, and satisfies the first prong of the test for preliminary injunctive relief. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 256 (S.D. N.Y. 1989). Defendant Mangino, while having an entry of default against him in this court, continues to pursue his unconstitutional eviction against the Plaintiff in the 5th District court. Subsequently, Plaintiff is facing the certainty that a warrant of eviction will be issued against her on June 18, 2026, the day of the scheduled "trial". Since Plaintiff has pleaded in her Section 1983 complaint, that she has been deprived of her right to procedural due process in the 5th District Court, including no consideration of her defenses in her Motion to Dismiss, no ruling on her challenge to the Court's jurisdiction for Defendant Mangino's lack of predicate notice and failure to state to a claim and no written orders rendered for her to have a record to send to the appellate court for review, Plaintiff will surely be evicted on June 18, 2026. There is no other way that a summary eviction in which the landlord is the only party allowed to litigate to go.

In addition, if the 5th District Court issues an eviction warrant against her, CDCLI has informed her that such will lead to an automatic termination of her HCV voucher. (See Exhibit D) Although Defendant Mangino is fully aware that the Plaintiff attempted to continue to pay her rent despite the ongoing eviction proceedings, (See Exhibit E) he has fabricated a nonexistent arrearage in the eviction petition. (See Exhibit F). Plaintiff asserted a defense for lack of notice against this claim as well, however this defense was also in her Motion to Dismiss, complete with a 28-page Memorandum of Law to support it, which the eviction Court collapsed into a conclusory, one-sentence order on April 15, 2026.

If Defendant Mangino and any person acting on his behalf is not enjoined from continuing the pursuit of this unconstitutional summary eviction Plaintiff will lose her home and her voucher. Thus, Plaintiff will suffer irreparable harm.

**IV. The Balance of Hardships Tips Decidedly in Plaintiff's Favor**

The Second Circuit has found that the balance of equities favor injunctive relief. Absent a showing to the contrary, the threat of eviction and the prospect of homelessness to the tenant outweighs the inconvenience and hardship to the landlords. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 255 (S.D. N.Y. 1989). If the Court does not enjoin Defendant Mangino from completing his deprivation of her right to continued tenancy, Plaintiff and her family to include a minor will be homeless and eventually, without a voucher to find another home. Defendant Mangino on the other hand will not receive rent payments, something that never needed to happen and is a consequence of his doing, but he will still have a home. As such, the balance of hardships tip decidedly in the Plaintiff's favor.

**V. A Temporary Restraining Order is in the Public Interest**

The public interest is heavily served by halting a systemic practice that undermines federal housing safeguards. CDCLI's unwritten custom of enforcing an "automatic month-to-month" regime strips Section 8 tenants of mandatory written leases, leaving them entirely vulnerable to eviction-at-will without due process. Because this manufactured policy stretches back to at least 2008, an untold number of low-income voucher holders across Long Island have likely faced unconstitutional displacement under this exact practice. Furthermore, if a private landlord can enter the local District Court, file a legally non-compliant petition, and leverage a total breakdown of procedural safeguards to secure a swift warrant of eviction, then the structural integrity of the Housing Choice Voucher program within this jurisdiction is compromised. Subsidized tenants who pay their rent faithfully should never be subjected to arbitrary removal outside the narrow, heavily regulated grounds explicitly mandated by 42 U.S.C. § 1437f and 24 C.F.R. § 982.310. Accordingly, this Court's immediate intervention via a Temporary Restraining Order is necessary to protect the public interest.

**VI. The Anti-Injunction Act Offers No Barrier to this § 1983 Application**

Under 28 U.S.C.A. § 2283, a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 42 U.S.C. §1983, which authorizes a suit in equity to redress the deprivation under color of state law of any rights, privileges, or immunities secured by the Constitution, is an Act of Congress that falls within the "expressly authorized" exception of 28 U.S.C.A. § 2283. *Mitchum v. Foster*, 407 U.S. 225, 240-243 (1972). As the Plaintiff's complaint is a 42 U.S.C. §1983, Plaintiff respectfully submits that the Court has the statutory authority to stay the State court eviction. In any case, Plaintiff is asking that the Defendants Mangino and Zawyrucha be enjoined, not the State proceedings.

In addition, federal courts should "abstain from jurisdiction whenever federal claims have been or could have been presented in ongoing state judicial proceedings that concern important state interests." The doctrine does not apply, however, when plaintiffs' federal claims cannot be presented in pending state proceedings. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 255 (S.D. N.Y. 1989). Plaintiff's Section 1983 complaint asserts that CDCLI has a policy, custom or usage of "automatic month to month" tenancy. The housing court has no jurisdiction to grant the Plaintiff relief in this regard. Thus, the housing court is an inadequate forum pursuant to both the Anti Injunction Act and Younger abstention. Id at 255-256.

**VII. The Younger Abstention Does Apply to this Action**

Plaintiff respectfully submits that the Younger Abstention is not a blanket prohibition of a federal court's interference with *any* ongoing state proceedings. *Younger* extends to three "exceptional circumstances", but no further. *Sprint Communications Inc. v. Jacobs*, 134 S. Ct. 584, 594 (2013). Those exceptions are: (1) federal intrusion into ongoing state criminal prosecutions, (2) certain "civil enforcement proceedings" and (3) [to prevent] interference with pending "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 587 (2013).

With respect to criminal prosecutions, clearly an eviction proceeding is not a criminal proceeding.

When the Supreme Court speaks of "civil enforcement proceedings", it is referring to those proceedings which are akin to criminal proceedings, such as one initiated by a State which will likely lead to prosecution. That circumstance also does not apply to the Plaintiff's eviction case. The landlord in the eviction case is not the State in its sovereign capacity taking civil

enforcement action against the Plaintiff. *Trainor v. Hernandez*, 97 S.Ct. 1911 (1977), *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 102 S.Ct. 2515 (1982).

Neither is the eviction an order which is uniquely in furtherance of the state courts' ability to perform its judicial functions such as a civil contempt order, or a requirement for posting a bond pending appeal. Only these exceptional circumstances justify a federal court's refusal to decide a case in deference to the States. *Sprint Communications Inc. v. Jacobs*, at 591. Thus, the Younger abstention does not apply to the State court eviction.

**VIII. The State Forum is Demonstrably Inadequate**

**A. Total Breakdown of Procedural Safeguards**

"Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts. Such a course naturally presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." Gibson v. Berryhill 8212 653, 411 U.S. 564, 577 (1973). Even if the *Younger* abstention were applicable—which Plaintiff maintains it is not—the state forum is fundamentally inadequate to protect Plaintiff's constitutional rights. To pave the way for Defendant Mangino's favorable outcome, the state Court has:

- **disregarded at least 18 federal and state procedural statutes and regulations to include**: 42 U.S.C.A. §1437f d)(1)(B)(iv); 42 U.S.C.A. §1437f(o)(7)(C); 24 C.F.R. § 982.310(e)(2)(i), CPLR §2102, RPAPL § 741.1, RPAPL § 741.2., RPAPL § 741.3., RPAPL § 741.14 and RPAPL § 711.2., CPLR §2101f, CPLR §2001, CPLR §2219, CPLR §2214(c), CPLR §3012(d), CPLR §2004, N.Y. Comp. Codes R. & Regs. tit. 22, §

100.3. and CPLR §2004, all asserted by the Plaintiff in the papers listed above over a course of approximately 5 months.

- **refused to issue written orders for the Plaintiff's:**
  - Motion to Dismiss
  - Respondent's Objection to Unauthorized Extension of Time and Request for a Written Order
  - Supplemental Affirmation in Further Support of Respondent's Motion and Requesting That the Court Disregard Untimely Opposition Papers
  - Notice Rejecting Any Untimely Opposition to Respondent's Motion to Dismiss
  - Order to Show Cause to Stay Improperly Scheduled February 26, 2026 Hearing
  - Respondent's Request for a Written Order on Order to Show Cause and
  - Motion to Cure Irregularities in Respondent's Motion and Answer

**B. Total Absence of an Appealable Record**

Exhibit C (the DC-88 order received April 15, 2026) is the literal proof of the State court's inadequacy. Because the state court issued a blank DC-88, with no reasoning and has refused to provide written orders on any of Plaintiff's motions, the Plaintiff is left with no record to send to an appellate court. Even if the Plaintiff attempted an appeal, the appellate court would have nothing to review for error.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an immediate Temporary Restraining Order and Preliminary Injunction enjoining Defendant Mangino, Defendant Zawyrucha, from proceeding with the summary eviction trial on June 18, 2026, or taking any actions to disrupt Plaintiff's tenancy.

Respectfully submitted,

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

-----------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

-----------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

Pursuant to the Local Civil Rule 7.1(c) and the Individual Rules of Judge Bulsara VI.E.5 the undersigned Plaintiff, pro se hereby certifies that this Memorandum of Law in Support of Order to Show Cause for Temporary Restraining Order and Preliminary Injunction, complies with the applicable word count limitation of 3500 words, as the total word count of the same is 3,457.

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

Dated: June 16, 2026

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

RECEIVED

JUN 17 2026

EDNY PRO SE OFFICE

---------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND INC., a.k.a. COMMUNITY DEVELOPMENT LONG ISLAND
SEVEN TIER, LP, a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants.

---------------------------------------------------------------x

Case No.: 26-cv-02371

MOTION K.L.T.

~~**ORDER TO SHOW CAUSE**~~ **FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

REC'D IN PRO SE OFFICE
JUN 17 '26 AM10:23

Upon the Affidavit of Plaintiff *pro se* Kyung L. Trotter, sworn to on June 16, 2026; the First Amended Complaint [ECF No. 11]; the Memorandum of Law in Support; the exhibits annexed thereto; and all prior pleadings, papers, and proceedings had herein;

## I. TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED**, that pending a formal hearing on Plaintiff's application for a Preliminary Injunction, Defendants John Mangino and Thomas Zawyrucha, along with their agents, servants and employees, are **IMMEDIATELY RESTRAINED AND ENJOINED** from taking any operational steps to try, execute, enforce, advance, or otherwise carry out any

summary eviction, holdover writ of assistance, removal, or physical dispossess of Plaintiff Kyung L. Trotter from the subject premises located at 374 Donald Blvd, Holbrook, NY 11741, as such actions would result in immediate, catastrophic, and irreparable constitutional and physical injury to Plaintiff before a preliminary injunction hearing can be held.

## II. ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**LET THE DEFENDANTS, JOHN MANGINO AND THOMAS ZAWYRUCHA, SHOW CAUSE** before this Court, before the Honorable Sanket J. Bulsara, United States District Judge for the Eastern District of New York, located at the United States Courthouse, 100 Federal Plaza, Central Islip, NY 11722, in Courtroom [______], on the _____ day of _____________, 2026, at _____ o'clock in the _____.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction Order

SO ORDERED.

Dated: ___________________________

_________________________________

HONORABLE JUDGE SANKET J. BULSARA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
KYUNG L. TROTTER,

Plaintiff,

- against -

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., SEVEN TIER, L.P. also known as Craig Rubenstein, LESLIE BARRY, JOHN MANGINO, DELORES PHRANER, WILMA HAYES, THOMAS ZAWYRUCHA,

Defendants.
-----------------------------------------------------------X

**CLERK'S CERTIFICATE OF DEFAULT**
CV 26-2371 (SJB)(ARL)

I, Brenna B. Mahoney, Clerk of Court for the United States District Court for the Eastern District of New York, do hereby certify that defendant, **JOHN MANGINO** has not filed an answer or otherwise moved with respect to the complaint, and that the time to answer or move has expired.

The default of defendant, **JOHN MANGINO** is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: June 8, 2026
Central Islip, New York

BRENNA B. MAHONEY
CLERK OF THE COURT

BY: /S/ JAZMIN M. CUBANO
DEPUTY CLERK

Exhibit A

# SUFFOLK COUNTY DISTRICT COURT
## 3105 Veterans Memorial Hwy
## Ronkonkoma, NY 11779
## (631) 381-6005

**Your new court date is** 6/18/26 **at** 2:00 **AM/PM** (PM circled)
**at District Court, 3105 Veterans Memorial Hwy, Ronkonkoma, NY 11779**
**(631) 381-6005**

**Su caso se aplazo para el ____________________ a las ______________ AM/PM**
**en District Court, 3105 Veterans Memorial Highway, Ronkonkoma, NY**
**11779 (631) 381-6005**

Exhibit 3

DC - 88 Order on Motion

Index No. LT-1852-25/IS

# DISTRICT COURT OF THE COUNTY OF SUFFOLK, FIFTH DISTRICT

**P R E S E N T:**

HON. STEPHEN L. UKEILEY
District Court Judge

Motion Date: April 2, 2026
**Seq. 2 and 3**

---------------------------------------------------x
JOHN MANGINO,

Petitioner,

-against-

KYUNG L. TROTTER,

Respondent.
---------------------------------------------------x

PLAINTIFF'S ATTORNEY:
Thomas Stephen Zawyrucha
15 Woodhollow Road
Box 477
Great River, New York 11739

DEFENDANT PRO SE:
Kyung L. Trotter
374 Donald Avenue
Holbrook, New York 11741

Upon the following papers numbered 1 to 5 read on this motion by respondents to cure and to dismiss Order to show cause and supporting affidavit 1-3 ; Other Affirmation in Opposition 4; Reply _; Exhibits 5 ; it is,

***ORDERED*** that respondent's motion sequence 3 to cure any irregularities in motion sequence 2 is granted, and respondent's motion sequence 2 to dismiss the petition is denied.

This is a holdover proceeding involving premises known as 374 Donald Boulevard in Holbrook, New York. Respondent moves to dismiss the petition against him arguing, among other things, that petitioner has failed to state a claim, that the court lacks jurisdiction and that the predicate notice is defective.

Petitioner has stated a viable claim and the material issues of disputed fact necessitate a trial on the merits. Accordingly, respondent's motion to dismiss the action is denied, and the proceeding shall be scheduled for a conference on the next court date.

New Court Date: May 21, 2026

Dated: Ronkonkoma, New York
April 15, 2026

HON. STEPHEN L. UKEILEY, J.D.C.

**ENTERED**
APR 17 2026

**MAILED**
APR 20 2026

Exhibit C

# RE: No Hot Water

From: Delores Phraner (dphraner@cdcli.org)

To: trotter.kyung@yahoo.com

Date: Tuesday, September 23, 2025 at 11:09 AM EDT

Good Morning,

This is a reminder that Housing Assistance Payments (HAP) will continue as long as the participant remains in the unit. However, if an eviction process is initiated, a hold will be placed on the HAP payments at that time.

CDLI strongly encourages all participants to continue paying their portion of the rent, regardless of any issues or disputes that may arise with the landlord. It is important to stay current with your rent obligations to maintain your participation in the Section 8 program.

Please note: if an eviction is filed that includes rent arrears, this may result in automatic termination from the Section 8 program.

Thank you for your attention to this matter. If you have any questions or need assistance, please feel free to contact our office.

Best regards,

Community Development Long Island
Home. Health. Opportunity.

**Delores Phraner**
Housing Specialist | Rental Assistance
**Community Development Long Island**
Phone: (631)-648-5088| (631) 471-1215 Ext: 3050
|dphraner@cdcli.org | www.cdli.org
Fax: (631)214-2734
1660 Walt Whitman Road, Suite 130
Melville, NY 11747

To schedule a meeting with me please click the link:
https://calendly.com/dphraner-cdcli/30min

Exhibit D

835

J

John ›

I got it thank you

Sat, Nov 1 at 13:48

Good afternoon
Kyung. This is your
final payment.
after November
30. I cannot accept
any more money
from you. Your
lease will be
expired and you
must vacate.
Please make
arrangements to
find another place
to live. I'm sorry for
any inconvenience.
John M
Landlord

Exhibit
E

iMessage

John Mangino paid you $714.00

From: Venmo (venmo@venmo.com)

To: trotter.kyung@yahoo.com

Date: Wednesday, December 17, 2025 at 12:08 PM EST

venmo

John Mangino paid you

$714.00

Returning Kyung Trotter's rent for December. Can't except payment not accept at this time!

See transaction

Money credited to your Venmo account.

Transaction details

**Date**

Dec 17, 2025

**Transaction ID**

4489778273036167744

6. Pursuant to said written lease agreement(s) there was due to the landlord from respondent tenant(s) portion of rent as follows

Dec 1st, 2025 $ 714.00

for a grand total of either rent and/or use & occupancy in the sum of **$ 714.00**; Respondents have defaulted in the payments thereof and the ***total of rent*** and/or ***fair use & occupancy*** in arrears is **$ 714.00**; ***This petition may be amended to add additional unpaid rents accruing since prior notices were served, representing unpaid rents from August 1st, 2025, and beyond, if and where applicable.***

7. The Premises are not subject to any Rent Controls or the Emergency Tenant Protection Act of 1974, as amended (ETPA), by reason of the fact that the building in which the Premises are located is in a community which has not adopted the ETPA.
8. Petitioner(s) lack information or notice of any address where the respondent(s) reside or are employed or have a place of business or principal office in the State of New York other than the address of the Premises sought to be recovered.

**WHEREFORE**, Petitioner(s) request final judgment : awarding possession of the Premises to the Petitioner(s)/Landlord(s); and the issuance of a warrant to remove respondent(s) from possession of the Premises; and a judgment for rent & fair Use & Occupancy in arrears against Respondent(s) tenant(s) for **$ 714.00**; and a judgment of at least **$ 1,500.00** for the attorney's fees of the petitioner(s); and the costs and disbursements of this proceeding.

Dated : Thurs., December 4th, 2025
Great River, New York 11739

x [signature]

**MR. JOHN MANGINO, Petitioner**
**by: Thomas S. Zawyrucha,**
**Esq., Attorney-at-Law,**
**15 Woodhollow Road Box 477**
**Great River, N.Y. 11739;**
**Telephone No. 631.277.3435**
**Telephone No. 631.948.5731**

Exhibit F